UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
CHAYA LEBOVITZ
on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

           -against-


CAPIO PARTNERS, LLC

                             Defendant.

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.     Plaintiff Chaya Lebovitz seeks redress for the illegal practices of Capio Partners, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.     Upon information and belief, Defendant's principal place of business is located in Sherman, Texas.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Chaya Lebovitz*

9.   On or about August 18, 2013, the Plaintiff's son, a minor, visited Sullivan Emergency Services for emergency medical treatment.

10.   At the time of the said visit, Sullivan Emergency Services already had in its possession, information about the child's Medicaid eligibility.

11.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

12.   Within the past year, the Plaintiff disputed the said debt with the Defendant.

13.   The Defendant knew or should have known that a medical provider who participates in the Medicaid program is barred from seeking any balance unpaid by Medicaid, under both Federal and New York State law.

14.   The Plaintiff's child is a welfare recipient; the Plaintiff had submitted her son's insurance information to the hospital and therefore, under New York and Federal Law, it was illegal for the Defendant to collect on this debt.

15.   The Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

16.   Upon information and belief, by the time debts come into the Defendant's office as assigned to it for collection, the Defendant was aware that the said account was already

in disputed-status.

17.     On or about September 4, 2015, Defendant sent the Plaintiff a collection letter seeking to

        collect a balance allegedly incurred for personal purposes.

18.     The said September 4, 2015 letter further stated in pertinent part:

        **"CAN THIS BE CREDIT REPORTED?**
        Yes. Medical accounts may be reported to credit reporting agencies.
        Please be advised that we may report the failure to pay the account to
        credit-reporting agencies if you do not resolve the above-referenced
        account."

19.     Such a threat of credit reporting was unauthorized as the Plaintiff's child, the patient,

        was a minor at the time that the medical services were provided and a delinquency of a

        minor cannot affect a parent's credit.

20.     The Defendant fails to communicate and <u>threatens</u> to communicate credit information

        which the Defendant knows to be false, specifically, the failure to communicate that a

        disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8).[1]

21.     Defendant, a foreign Texas LLC, filed an application for authority to do business in New

        York with the New York Department of State on a date better known to the Defendant.

22.     Foreign LLC's are required to publish their formation, and file proof of publication of

        their LLC within 120 days of the filing of their application for authority.

23.     At the time of Plaintiff's commencement of the action against Defendant, Defendant has

        failed to publish, and has failed to file any certificate of publication and/or failed to file

        any sort of proof or affidavit of publication, as required.

---

[1] <u>Purnell v. Arrow Fin. Servs., LLC</u>, 2007 U.S. Dist. LEXIS 7630, 2007 WL 421828 ( E.D. Mich. Feb. 2, 2007). (The court stated "Congress has identified as harmful the failure to report a disputed debt as disputed, and, whatever the wisdom of that policy choice, Congress did not distinguish between communications that were intended and knowing as opposed to unintended and automatic. Indeed, the "directly or indirectly" language of Section 1692a(2) suggests that Congress saw no difference between the two. From the perspective of a consumer disputing a debt, it similarly matters not how it is that a dispute marker is lost. The harm inheres in the simple fact that information about an apparently undisputed debt in that person's name exists in the credit reporting industry, which can have untold negative consequences for people who engage in commerce.")

24.     Pursuant to the New York Limited Liability Company Law, failure to file the certificate of publication results in suspension of authority to do business in New York State during the period of noncompliance.

25.     At the time of Plaintiff's commencement of the action against Defendant, Defendant's authority to do business had been suspended.

26.     During the period of noncompliance, Defendant was prohibited from conducting business in New York State.

27.     At the time of the mailing of the said September 4, 2015 letter, Defendant's authority to do business had been suspended.

28.     The least sophisticated consumer is unlikely to search and/or to have the ability or knowledge to search Department of State records to determine whether Defendant's authority to do business is suspended, and/or to determine whether Defendant was prohibited from bringing a legal proceeding.

29.     15 U.S.C. § 1692e - false or misleading representations, provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of
>
> (A) the character, amount, or legal status of any debt;
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt.

30.     15 U.S.C. § 1692f provides in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

31.     Defendant violated the above provisions of the statute because it had no right to collect

–4–

this debt.

32.   Defendant's activities in collecting this debt were deceptive, misleading, and/or false.

33.   Defendant's collection techniques involved asking consumers to pay debts when it had no legal ability to ask for payment.

34.   Defendant did not inform the consumer that the debt owed was to a Defendant which had no authority to do business in New York and/or that Defendant had no right to collect any money in New York.

35.   The conduct of Defendant in collecting and attempting to collect monies owed, when it was not allowed to pursuant to the New York Limited Liability Law, constitutes deceptive or materially misleading activity that is directed at consumers and the public at large.

36.   Such actions caused consumers to suffer financial injuries of having increased debt and having money extracted from them.

37.   Doing business in New York when Defendant's authority to do business had been suspended violates 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f.

38.   As a result of the unlawful collection activity which the Defendant engaged in, Plaintiff is also entitled to damages pursuant to GBL § 349.

39.   Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

40.   Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

41.   Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

42. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

43. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

44. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

45. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

46. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

47. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

48.  Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty seven (47) as if set forth fully in this cause of action.

49.  This cause of action is brought on behalf of Plaintiff and the members of two classes.

50.  Class A consists of all persons whom Defendant's records reflect resided in the State of New York (a) whom the Defendant's records reflect that it attempted to collect delinquent medical debts from Medicaid recipients when it was aware of the debtors Medicaid eligibility in violation of both Federal and New York State law; and (b) the Defendant was aware that the said account was already in disputed-status; and (c) the Defendant threatened to communicate, credit information which the Defendant knew to be false; (d) the Plaintiff asserts that the Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f and 1692f(1).

51.  Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 4, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Sullivan Emergency Services; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f, for doing business when its authority to do so in New York had been suspended.

52.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection letter are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who were sent such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

53. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

54.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

55.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

56.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

57.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

### AS AND FOR A SECOND CAUSE OF ACTION

### Violations of GBL 349 brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.

58.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty seven (47) as if set forth fully in this cause of action.

59.    The conduct of Defendant in collecting and attempting to collect monies owed when it was not allowed to pursuant to the New York Limited Liability Law constitutes deceptive or materially misleading activity that is directed at consumers and the public at large and caused consumers to suffer financial injuries of having increased debt and having money extracted from them.

60.    As a result of the unlawful collection activity which the Defendant engaged in, Plaintiff is entitled to damages pursuant to GBL § 349 of $6,388.94 which is actual damages.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k) and GBL § 349;

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 22, 2016

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

| Original Creditor: | SULLIVAN EMERGENCY SERVIC |  |
|---|---|---|
| Current Creditor: | CF Medical LLC |  |
| Patient: | HE LEBOVITS |  |
| Account # | Date of Service | Balance Due |
| 587 | 08/18/2013 | $174.00 |

**capio**

**P A R T N E R S**

2222 Texoma Pkwy, Ste 150
Sherman, TX 75090

September 4, 2015

## NOTICE OF DEBT

Dear CHAYA LEBOVITS:

Your SULLIVAN EMERGENCY SERVICES PC account has been sold to CF Medical LLC.  CF Medical LLC has placed your account with Capio Partners for collection.  All payments and questions should be directed to Capio Partners to ensure prompt service and credit.

**WHAT CAN YOU DO?**
We are reasonable people to deal with and we know that times are tough  However, we need your assistance to help you resolve the above-referenced account.  Remember, to ensure prompt service and credit, inquiries or payments should be made directly to Capio Partners.

**CAN THIS BE CREDIT REPORTED?**
Yes.  Medical accounts may be reported to credit reporting agencies.  Please be advised that we may report the failure to pay the account to credit-reporting agencies if you do not resolve the above-referenced account.

Office hours are Monday through Thursday 8AM to 7PM, Friday 8AM to 5PM and Saturday 8AM to NOON, Central Time.  You may contact us toll-free at 888-887-6698.  We offer several payment options. We can take your payment information over the phone or you may mail a check directly to our office or pay your account online at www.paycapio.com.  You will need this letter for reference in order to pay your account online.

Sincerely,
Capio Partners, LLC

**SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**

***Detach Bottom Portion and Return With Payment***

DEPT 319
PO BOX 4115
CONCORD CA  94524

Reference#: 813
Account #: 587
Balance Due:  $174.00

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

RETURN SERVICE REQUESTED

CHAYA LEBOVITS
169 ADAR CT
MONSEY NY 10952-3358



Capio Partners LLC
P. O. Box 3209
Sherman, TX 75091

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*This is an* attempt to collect a debt.  Any information obtained will be used for that purpose.  This communication is from a debt collector.  Calls to and from this company may be monitored or recorded for quality purposes.

This collection agency is licensed by the New York City Department of Consumer Affairs, License #1292888

CHECK ONE: _____ [MasterCard] MASTERCARD        _____ [VISA] VISA

ACCOUNT NUMBER _____ EXP DATE _____

CARDHOLDER NAME _____

CARDHOLDER SIGNATURE _____

AMOUNT OF PAYMENT $_____

TCPMPY1-0903-638757665-03989-3989